# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NITTANY OUTDOOR ADVERTISING,** | : | **CIVIL ACTION NO. 4:12-CV-672** |
| **LLC and STEPHANAS MINISTRIES,** | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **COLLEGE TOWNSHIP,** | : | |
| **PENNSYLVANIA,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Presently before the court is a motion to quash for improper venue (Doc. 15) filed by College Township. Challenges to venue were waived pursuant to Rule 12(h) when Defendants filed its responsive pleading (Doc. 14) on July 17, 2012. However, careful review of the pending motion reveals that the Township does not seek to challenge venue; rather, it challenges this court's subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will deny the motion.

Culled to its essence, the Township's motion contends that the court lacks jurisdiction because plaintiffs failed to secure a final decision from the zoning hearing board and, therefore, this matter is unripe for judicial review. The Pennsylvania Municipalities Planning Code provides, in pertinent part: "The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in . . . [a]ppeals from the determination of the zoning officer, including, but not limited to, the granting or denial of any permit . . . ." 53 P.S. § 10909.1(a)(5). In the case *sub judice* it is undisputed that plaintiffs did not appeal the zoning officer's denial of their sign

applications to the zoning hearing board. According to the Township, this failure to appeal is fatal to plaintiffs' federal court action. The Township relies upon the following quote from Taylor Inv., Ltd. v. Upper Darby Township, 983 F.2d 1285, 1291 (3d Cir. 1993) as set forth in Holland Transport Inc. v. Twp. of Upper Chichester, 200 WL 31518836 (E.D. Pa. 2002):

> In the context of land-use decisions, *Williamson* and *MacDonald* require state zoning authorities be given an opportunity "arrive[ ] at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question" before its owner has a ripe constitutional challenge based on the disputed decision. *Williamson*, 473 U.S. 15 191, 105 S.Ct at 3119. This finality rule recognizes that, with respect to zoning disputes, a property owner suffers no mature constitutional injury until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner. The finality rule also prevents the premature adjudication of zoning disputes.

The Township is generally correct that ripeness is an element of justiciability that impacts when the court may conduct its review of a controversy and that administrative finality is generally favored in cases involving land use decisions.

However, the court concludes that this matter is governed by the Third Circuit decision in Peachlum v. City of York, 333 F.3d 429 (3d Cir. 2003). Like the instant matter, Peachlum involved a facial First Amendment challenge to a municipal ordinance. Judge Rosenn, writing for the Peachlum court, observed: "Whether the absence of final adjudication by a municipal agency of the validity of a city ordinance precludes judicial consideration of First Amendment challenges to it is one of first impression." Id. at 434. Although Peachlum involved a post-enforcement challenge and the instant case involves

2

a pre-enforcement challenge, the distinction does not alter the fact that "a *facial* First Amendment challenge is not normally subject to administrative finality analysis under any circumstances." Id. at 436.

The Peachlum court set forth the following *ratio decidendi*:

> . . . a facial First Amendment challenge may be deemed ripe even during the pendency of an administrative proceeding. Ripeness standards are most relaxed when the First Amendment claim is a facial overbreadth challenge. Facial claims vindicate the rights of may would-be speakers. To allow the vindication of such broad entitlements, we relax our ripeness requirements for such claims. *See Kines v. Day*, 754 F.2d 28, 30-31 (3d Cir. 1985).
>
> In the case of overbreadth challenges, standing arises "not because [the plaintiff's] own rights of free expression are violated, but because of a judicial prediction or assumption that the [challenged statute's] very existence may cause others not before the court to refrain from constitutionality protected speech or expression." *Broadrick*, 413 U.S. at 612, 93 S.Ct. 2908. Therefore, an individual against whom no enforcement action has been taken can still challenge a regulation "because [that regulation] also threatens others not before the court - those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution or undertake to have the law declared partially invalid." *Waterman v. Farmer*, 183 F.3d 208, 212 (3d Cir. 1999) (*quoting Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 503, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).
>
> This concern with the rights of those not before the court holds equal force in both pre-enforcement cases and those in which prosecution is pending. *See Canatella v. State of California*, 304 F.3d 843, 853 (9th Cir. 2002).

In its reply brief, the Township attempts to distinguish Peachlum, asserting that the "issues at hand are not yet developed for judicial determination." (Doc. 21 at 4). The Township mentions a preliminary public hearing on a revised ordinance and suggests that an amended ordinance may moot plaintiffs' First Amendment claims. In support of these arguments, the Township cites to the three-part test for declaratory relief when ripeness is disputed as set forth in Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 647 (3d Cir. 1990) (asking three questions: (1) whether the parties' interests are sufficiently adverse; (2) whether the court can issue a conclusive ruling in light of potentially evolving factual developments; and (3) whether the decision will render practical help to the litigants).

Given the sweeping language of Peachlum supra, the court has some concerns regarding Step-Saver's continued viability as it relates to facial First Amendment challenges to municipal ordinances. In the exercise of caution, the court notes that the constitutional claims in the instant matter are sufficiently mature for judicial resolution. Clearly, the parties' interests are adverse as delineated in the complaint. In addition, the court can issue a conclusive ruling based upon the existing ordinance. Finally, the court's ruling will surely render practical help to the parties. Indeed, it may very well expedite pending efforts to amend the present ordinance.

4

For all of these reasons, the court will deny the Township's motion to quash. An appropriate order shall issue.

                                                    S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge

Dated:        January 15, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NITTANY OUTDOOR ADVERTISING,** | : | **CIVIL ACTION NO. 4:12-CV-672** |
| **LLC and STEPHANAS MINISTRIES,** | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **COLLEGE TOWNSHIP,** | : | |
| **PENNSYLVANIA,** | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 15th day of January, 2013, for the reasons set forth in the accompanying memorandum, College Township's motion to quash for improper venue (Doc. 15) is DENIED.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge