IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NITTANY OUTDOOR ADVERTISING, LLC, and STEPHANAS MINISTRIES, | : : : : | No. 4:12-cv-00672 (Judge Brann) |
| Plaintiffs, | : : | |
| v. | : : | |
| COLLEGE TOWNSHIP, | : : | |
| Defendant. | : | |

**MEMORANDUM**

**April 8, 2016**

This case presents fascinating constitutional questions as to the application of the First Amendment to municipally approved outdoor advertisements. However, the two motions presently under consideration are, as a matter of procedure, untimely. They must therefore be denied.

**I.   BACKGROUND**

The fundamental dispute in the instant suit arose when Defendant College Township, located in Centre County, Pennsylvania, denied a request by Plaintiff Nittany Outdoor Advertising, LLC, to post billboard messages written by co-Plaintiff Stephanas Ministries.[1] On May 20, 2014, this Court granted in part and

---

[1] ECF No. 47 at 1.

denied in part Plaintiffs' Motions for Partial Summary Judgment and Permanent Injunctive Relief.[2]

By that point in time, Defendant had amended its sign ordinance, which required the Court to distinguish between pre- and post-amendment claims brought by the Plaintiffs.[3] The lawsuit included claims based upon the First Amendment to Constitution of the United States as well as certain provisions of the Constitution of the Commonwealth of Pennsylvania.[4] Primarily at issue was whether the contested ordinance disfavored billboards and noncommercial messages by placing restrictions on certain sign specifications, such as area, height, and setback.[5]

In evaluating Plaintiffs' First Motion for Partial Summary Judgment, this Court ultimately held that Plaintiffs were without standing to pursue their pre-amendment claims.[6] Moreover, the Court held, reaching the merits, that Plaintiffs were not entitled to summary judgment as to their substantive challenges to the amended ordinance.[7] However, the Court agreed with Plaintiffs that Defendant's permit requirement and variance procedure were unconstitutional to the extent that they vested certain of Defendant's officials with unbridled discretion.[8]

---

[2] Id.
[3] See id. at 11.
[4] See id.
[5] See id. at 25.
[6] Id. at 11.
[7] Id.
[8] See id. at 11–12.

denied in part Plaintiffs' Motions for Partial Summary Judgment and Permanent Injunctive Relief.[2]

By that point in time, Defendant had amended its sign ordinance, which required the Court to distinguish between pre- and post-amendment claims brought by the Plaintiffs.[3] The lawsuit included claims based upon the First Amendment to Constitution of the United States as well as certain provisions of the Constitution of the Commonwealth of Pennsylvania.[4] Primarily at issue was whether the contested ordinance disfavored billboards and noncommercial messages by placing restrictions on certain sign specifications, such as area, height, and setback.[5]

In evaluating Plaintiffs' First Motion for Partial Summary Judgment, this Court ultimately held that Plaintiffs were without standing to pursue their pre-amendment claims.[6] Moreover, the Court held, reaching the merits, that Plaintiffs were not entitled to summary judgment as to their substantive challenges to the amended ordinance.[7] However, the Court agreed with Plaintiffs that Defendant's permit requirement and variance procedure were unconstitutional to the extent that they vested certain of Defendant's officials with unbridled discretion.[8]

---

[2] Id.
[3] See id. at 11.
[4] See id.
[5] See id. at 25.
[6] Id. at 11.
[7] Id.
[8] See id. at 11–12.

Critical to the instant Motions, the Court's prior holding that Plaintiffs were not entitled summary judgment on their amended ordinance claims was based on Plaintiffs' failure to show "that the amended Ordinance's regulation of billboards . . . and freestanding signs . . . is content-based and favors noncommercial over commercial speech."[9] The Court arrived at that conclusion by relying on then-prevailing law of the United States Court of Appeals for the Third Circuit, including the decision Rappa v. New Castle County.[10] In Rappa, the Third Circuit wrote that disparate treatment of on-premises and off-premises signs "is not content based" because "the onsite exception does not preclude any particular message from being voiced in any place."[11]

Over one year later, on June 18, 2015, the Supreme Court of the United States issued its decision in Reed v. Town of Gilbert, Arizona.[12] The Reed Court deemed unconstitutional a local sign code that "identifie[d] various categories of signs based on the type of information they convey" and then "subjected each category to different restrictions."[13]

On August 4, 2015, nearly two months after the Reed decision was handed

---

[9] Id. at 26.
[10] 18 F.3d 1043 (1994). Because it need not reach the merits, the Court does not intimate as to whether Rappa remains good law.
[11] Id. at 1067.
[12] 135 S.Ct. 2218.
[13] Id. at 2224.

down, Plaintiffs in this case filed a Motion to Revise this Court's May 20, 2014 summary judgment decision pursuant to Federal Rule of Civil Procedure 54(b).[14] The Motion to Revise was filed four hundred and forty-one days after the Court issued its May 20, 2014 Order. In their Motion to Revise, Plaintiffs specifically requested that, in light of Reed, the Court reconsider the portion of its summary judgment decision holding that the amended ordinance was a constitutional, content-neutral speech restriction.[15] In conjunction with their Motion to Revise, Plaintiffs also filed a Second Motion for Partial Summary Judgment, requesting that judgment be entered in their favor as to their amended ordinance claims.[16]

In response, Defendant primarily contends that, as a threshold issue, Plaintiffs' two motions are untimely. Specifically, Defendant argues that Local Rule 7.10—which provides that "any motion for reconsideration or re-argument must be . . . filed within fourteen (14) days after the entry of the Order of concern"— bars the Motion to Revise.[17] In addition, Defendant suggests that Plaintiffs' Second Motion for Partial Summary Judgment should also be rejected, as the parties cannot relitigate decided summary judgment issues absent the Court

---

[14] ECF No. 69.
[15] Id. at 1.
[16] ECF No. 71.
[17] ECF No. 76 at 3–4.

granting Plaintiffs' Motion to Revise.[18]

Defendant is correct. Though the Court considers it less than ideal to refuse the opportunity to contribute to such an intriguing constitutional problem, a federal court's authority is limited to only those cases or controversies properly before it. As Defendant rightly contends, Plaintiffs have failed to file the instant motions in a timely fashion and simultaneously have neglected to provide any justification for that tardiness. In accordance with the following reasoning, Plaintiffs motions are both denied.

## II. LAW

Federal Rule of Civil Procedure 54(b), upon which Plaintiffs base their Motion to Revise, states in pertinent part as follows:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

When disposing of motions to reconsider or revise brought pursuant to Rule 54(b), "[a] [c]ourt will amend a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or manifest

---

[18] ECF No. 77 at 4–5.

injustice."[19]

Importantly, however, Middle District of Pennsylvania Local Rule 7.10 ("Motions for Reconsideration") states as follows:

> Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R. Civ. P. 59.

Local Rule 7.10 applies to motions for reconsideration brought pursuant to Federal Rules of Civil Procedure 54(b) or 60(b). It specifically excepts those brought pursuant to Rule 59 because Rule 59 already contains a twenty-eight day time limitation.

"[D]istrict courts may not disregard local procedural rules without sound justification for doing so."[20] "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment."[21] "In other words, local rules are binding on the district court unless there is a justifiable reason to excuse their command."[22]

---

[19] DiNoia v. Cumbo, No. 2:12-03175 (WJM), 2016 WL 183526, at *1 (D.N.J. Jan. 14, 2016) (citing N. River Ins. Co. v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).
[20] U.S. ex rel. Streck v. Allergan, Inc., 288 F.R.D. 88, 90 (E.D. Pa. 2012).
[21] United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 215 (3d Cir. 2000).
[22] Streck, 288 F.R.D. at 91.

## III. ANALYSIS

### A. Plaintiffs' Motion To Revise Pursuant To Rule 54(B) Fails To Comply With Local Rule 7.10's Fourteen-day Time Limitation And Is Therefore Denied Without Reaching The Merits.

As a threshold matter, Plaintiffs' Motion to Revise must be denied for failing to comply with the fourteen-day time limitation set forth in Local Rule 7.10. Noncompliance with a local rule governing timeliness is enough to warrant denial of the requested relief. Federal courts "may deny an untimely motion if the filing party fails to demonstrate excusable neglect."[23]

For example, in Bernard v. East Stroudsburg University, the Honorable Robert D. Mariani of this Court, decided that "[b]ecause Plaintiffs do not attempt to provide the Court with any rationale for departing from Local Rule 7.10, and seemingly admit that their motion can only be brought pursuant to Fed. R. Civ. P. 54(b), we deem Plaintiffs' motion as untimely in this regard."[24] Judge Mariani thereafter denied the motion, having found it "time-barred."[25]

In another case, the United States District Court for the District of New Jersey, applying a local rule that instituted a fourteen-day time limit, denied a late Rule 54(b) motion for reconsideration and admonished that "Plaintiff's motion was not filed until 42 days after the entry of the decision he challenges; accordingly, his

---

[23] Boraks v. Daniels, No. 10-23095-CIV, 2011 WL 4566218, at *2 (S.D. Fla. Sept. 29, 2011).
[24] No. 3:09-CV-00525, 2014 WL 4093069, at *1 n.2 (M.D. Pa. Aug. 18, 2014).
[25] Id. at *1.

motion could be denied on this basis alone."[26]

For the sake of clarity, it makes no difference as far as application of Local Rule 7.10 goes that Plaintiffs here captioned their motion as a "motion to revise" rather than as a "motion for reconsideration." "The style of the motion is not controlling; courts are free to consider a motion for reconsideration . . . depending on the substance of the motion and the type of relief sought."[27] The purpose of the relief sought by Plaintiffs is to compel the Court's reconsideration of its summary judgment order, namely by revising that order.

Further, my colleagues in this District have already confirmed that motions styled as "motions to revise" pursuant to Rule 54(b) are subject to Local Rule 7.10's fourteen-day time limitation. In <u>Clark Distribution Sys., Inc. v. ALG Direct, Inc.</u>, the Honorable Christopher C. Conner, wrote the following paragraph in a decision denying an untimely Rule 54(b) motion:

> ALG filed this motion 49 days after the court's entry of the order concerned. Rule 54(b) allows <u>the court</u> to revise an interlocutory order at any time prior to entry of final judgment, but Local Rule 7.10 requires <u>the parties</u> to file any motion for reconsideration within fourteen (14) days after entry of the order. Thus, ALG's motion is untimely.[28]

Once again, in <u>Kohn v. School District of the City of Harrisburg</u>, the

---

[26] <u>DiNoia v. Cumbo</u>, No. 2:12-03175 (WJM), 2016 WL 183526, at *1 (D.N.J. Jan. 14, 2016).
[27] <u>In re Gedda</u>, No. 6:13-BK-02238-KSJ, 2015 WL 1137883, at *2 (Bankr. M.D. Fla. Mar. 6, 2015).
[28] 12 F. Supp. 3d 702, 723 (M.D. Pa. 2014) (emphasis in original).

8

Honorable William W. Caldwell of this Court determined that a motion to revise an interlocutory order was "cognizable as a motion for reconsideration under Local Rule 7.10."[29] An order granting in part and denying in part motions for summary judgment, like the one issued by Judge Caldwell in Kohn and by this Court in this dispute, "is interlocutory in nature" and therefore subject to Local Rule 7.10.[30]

These authorities confirm that the instant motion is properly reviewed under Rule 54(b) and ultimately Local Rule 7.10. Though, for the record, I would note that the motion would be untimely under Rule 59's more lenient twenty-eight day standard as well, given that it was filed four hundred and forty-one days after the contested Order's issuance.

Last, the Court cannot discern—and Plaintiffs fail to offer—any compelling justification for departing from Local Rule 7.10. The prospect of weighing in on an important constitutional problem, though enticing, does not permit this court to abandon its federalist strictures. As a constitutional matter, federal courts were conceived of to function as institutions with vast authority, but limited jurisdiction. Failure to abide by the constitutional limitation that federal courts are to decide only those cases or controversies properly before them, does, as the late Justice Antonin Scalia observed, "spring forth from . . . [a] diseased root: an exalted

---

[29] Kohn v. Sch. Dist. of City of Harrisburg, No. 1:11-CV-109, 2012 WL 5379283, at *2 (M.D. Pa. Oct. 31, 2012).
[30] Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).

conception of the role of this institution in America."[31] Likewise, as the Honorable Learned Hand, writing for the United States Court of Appeals for the Second Circuit as to the minimalist, restrained approach appropriate of the federal judiciary, once properly admonished, "Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant; on the contrary I conceive that the measure of its duty is to divine, as best it can, what would be the event of an appeal in the case before us."[32]

    In my view, Plaintiffs suffer little harm from my refraining to relitigate the contested issues: if Reed does, as they contend, alter the constitutionality of Defendant's signage regime, then Plaintiffs are free to re-apply for permission to post their messages and ultimately contest any subsequent denials that they believe violate their First Amendment rights. Having not reached the merits, the Court offers no opinion as to the applicability or effect of the Reed decision. I mention Reed only in recognition that the aftermath of that decision should now properly unravel in communities around the country, rather than by reviving stale federal claims, the latter path having the unseemly tendency to breed activist judging as opposed to measured consideration.

---

[31] United States v. Windsor, 133 S. Ct. 2675, 2698 (2013) (Scalia, J., dissenting).
[32] Spector Motor Serv. v. Walsh, 139 F.2d 809, 823 (2d Cir. 1943), vacated sub nom. Spector Motor Serv. v. McLaughlin, 323 U.S. 101 (1944).

### B. Plaintiffs' Second Motion For Partial Summary Judgment Is Also Denied As Untimely, Given That The Court's Prior Order Will Not Be Revised.

Chief Judge Christopher C. Conner of this Court and to whom the matter was initially assigned set the dispositive Motions Deadline as March 1, 2013.[33] That deadline was never extended. On July 6, 2015, well after this Court had decided Plaintiffs' initial Partial Summary Judgment Motion, it approved the parties' joint scheduling order, which established deadlines for "[a]ppropriate motions and briefing to resolve all remaining issues."[34] Again, this Court never set a renewed dispositive motions deadline or provided Plaintiffs any leave that would have made the instant motion timely. The issues advanced by Plaintiffs now were fully litigated and were not "remaining" issues as of July 6, 2015.

Defendant therefore correctly points out that Plaintiffs' untimely Second Motion for Partial Summary Judgment is premised upon this Court reconsidering its May 20, 2014 Order. To enter partial summary judgment in favor of Plaintiffs as to their substantive claims about the amended ordinance necessarily requires the Court to vacate and reconsider its prior holding as to that ordinance's content neutrality. As outlined above, that is not a path that the Court is prepared to take at this time.

---

[33] ECF No. 9 at 1.
[34] ECF No. 68 (emphasis added).

Importantly, the Court also reminds Plaintiffs that it found significant jurisdictional impediments to their seeking relief on the renewed claim. "Because it has not demonstrated redressability, Nittany lacks standing with respect to its challenges to the Sign Ordinance's ban on off-premises signs."[35] Nothing in Plaintiffs' instant papers suggests that these jurisdictional impediments have been cured. In addition, Plaintiffs' Second Motion for Partial Summary Judgment rests on the longshot notion that the Court should exercise supplemental jurisdiction over Pennsylvania state constitutional claims—claims that the Court has already found Plaintiffs had "apparently withdraw[n]."[36]

Thus, in light of these considerations, the Court agrees with Defendant that Plaintiffs have "not properly or validly presented any reason for this Court to disturb its prior Orders."[37] As Plaintiffs' "entire argument falls on this initial basis," the Court must therefore deny this Second Motion for Partial Summary Judgment.[38]

## IV. CONCLUSION

In accordance with the foregoing reasoning, Plaintiffs' Motion to Revise and Second Motion for Partial Summary Judgment are both denied. The appropriate

---

[35] ECF No. 47 at 18.
[36] ECF No. 47 at 25.
[37] ECF No. 77 at 5.
[38] Id.

situs for resolution of the instant dispute that Plaintiffs' new motions advance is truly no longer federal court but is, as Justice Oliver Wendell Holmes, Jr., characterized it, the community's vibrant "marketplace of ideas."[39] Perhaps the Court will one day be called upon to resolve a dispute involving the application of the Reed decision to township signage, but for now, procedural rules insist that this matter affords no such opportunity.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[39] Abrams v. United States, 250 U.S. 616, 630, 40 S. Ct. 17, 22, 63 L. Ed. 1173 (1919) (Holmes, J., dissenting).